**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

EILEEN DALY,

*Plaintiff*,

v.

TRIUMPH CONSTRUCTION, LLC., *et al.*,

*Defendants*.

Case No. 1:23-cv-546

Judge Jeffery P. Hopkins

---

**OPINION AND ORDER**

---

Plaintiff Eileen Daly ("Plaintiff" or "Daly") brings this case against Defendants Triumph Construction LLC and Noah Livesay (collectively, "Defendants") as a result of permanent injuries she suffered during a vehicle collision. This matter is before the Court on Daly's Motion for Partial Summary Judgment (Doc. 24) and Defendants' Motion for Partial Summary Judgment (Doc. 25). Both parties have filed memoranda in opposition (Docs. 26, 27) and Plaintiff has filed a Reply (Doc. 28). For the reasons set forth below, the Court **DENIES** Plaintiff's Motion for Partial Summary Judgment (Doc. 24) and **DENIES** Defendants' Motion for Partial Summary Judgment (Doc. 25).

## I. BACKGROUND

Plaintiff Eileen Daly is a United States citizen domiciled in London, England. Compl., Doc. 4, ¶ 1. At the time of the motor vehicle collision that gave rise to this case and while Daly was recovering from the injuries she suffered as a result, Daly temporarily resided in Erlanger, Kentucky. *Id*. Defendant Triumph Construction, LLC is a foreign limited liability company registered to conduct business in Ohio and Defendant Noah Livesay ("Livesay") is

an adult citizen and resident of Hendricks, Indiana. *Id.* ¶¶ 2–3. Daly alleges that on August 17, 2021, she was traveling westbound on Gest Street toward the intersection of Gest Street and Freeman Avenue in Cincinnati, Ohio. *Id.* ¶ 7. At the same time, Livesay allegedly was traveling eastbound on Gest Street. *Id.* ¶ 8. According to the Complaint, Livesay attempted to turn left onto Freeman Avenue but failed to yield to oncoming traffic, resulting in a collision with the vehicle occupied by Daly. *Id.* ¶¶ 9–10.

Daly alleges that the collision caused immediate and permanent injuries, the nature and extent of which she contends will be established through discovery, medical records, and billing documentation. *Id.* ¶ 11. She further alleges that she sustained a significant and permanent physical deformity, loss of a bodily organ system, and/or permanent functional injury that limits her ability to care for herself independently and perform life-sustaining activities. *Id.* ¶ 12. Daly also seeks recovery for property damage to her vehicle and its contents, lost wages and diminished earning capacity, physical pain and suffering, and loss of enjoyment of life. *Id.* ¶¶ 13–15.

The Complaint asserts a negligence claim against Livesay, alleging that he owed statutory and common-law duties to operate his vehicle safely and breached those duties by, among other things, failing to yield the right of way while making a left turn. *Id.* ¶¶ 16–21. Daly alleges that Livesay's conduct violated Ohio Revised Code § 4511.42 and constituted both common-law negligence and negligence per se. *Id.* ¶¶ 18–20. Daly also brings a respondeat superior claim against Triumph Construction. She alleges that Livesay was employed by Triumph Construction at all relevant times and was acting within the scope of that employment when the collision occurred. *Id.* ¶¶ 22–25. On that basis, Daly alleges that

Triumph Construction is liable for Livesay's allegedly negligent operation of the vehicle and her resulting injuries. *Id.* ¶¶ 25–28.

The parties have filed cross-motions for partial summary judgment addressing whether Ohio Revised Code § 2315.18 limits any noneconomic damages Daly may recover in this action. Daly seeks a ruling that the statutory cap does not apply. She contends that the collision caused a permanent and substantial physical deformity. Doc. 24, PageID 100–04. In the alternative, Daly contends that application of the cap would be unconstitutional as applied because she allegedly suffers permanent and severe psychological injuries. *Id.* at PageID 104–07. Daly relies on her deposition testimony and the opinions of Dr. Jaideep Chunduri and psychologist Jeffery Mercer, and she maintains that Defendants have not offered contrary medical evidence or expert testimony. *Id.* at PageID 98, 103–04, 106–07.

Defendants take a different position. They assert that § 2315.18 applies as a matter of law to cap any noneconomic damages award. They do not dispute that Daly sustained bodily injuries in the collision but maintain that those injuries do not fall within any statutory exception. Doc. 25, PageID 155–60; Doc. 27, PageID 321–24. In particular, Defendants contend that Daly has not shown a permanent and substantial physical deformity, loss of use of a limb or bodily organ system, or a permanent functional injury preventing her from independently caring for herself and performing life-sustaining activities. Doc. 25, PageID 156–57; Doc. 27, PageID 321–24. They principally rely on Daly's deposition testimony that she has returned to full-time work as a university professor, lives alone, and independently attends to her personal care and home. Doc. 25, PageID 157, 159–60; Doc. 27, PageID 322. Defendants further assert that Daly's claimed genitourinary limitations and sacral displacement do not constitute a qualifying deformity or loss of an organ system, and that

*Brandt v. Pompa*, 2022-Ohio-4525, ¶ 46 does not render the statute unconstitutional as applied to this case. Doc. 27, PageID 323–24, 327–28.

## II. STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant "'always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.").

The non-movant cannot defeat summary judgment merely by pointing to any factual dispute. Indeed, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). A fact is *material* if its resolution affects the outcome of an action, and a dispute is *genuine* if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. At bottom, the Court must determine whether there is some

"sufficient disagreement" that necessitates submitting the matter to a jury. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52).

Furthermore, as here, when parties file cross motions for summary judgment, "[e]ach party, as a movant for summary judgment, bears the burden of establishing that no genuine issue of material fact exists and that he or she is entitled to judgment as a matter of law." *Fed. Energy Regul. Comm'n v. Coaltrain Energy, L.P.*, 501 F. Supp. 3d 503, 522 (S.D. Ohio 2020). "The fact that one party fails to satisfy that burden on his or her own Rule 56 motion does not automatically indicate that the opposing party or parties has satisfied the burden and should be granted summary judgment on the other motion." *Id*.

## III. LAW AND ANALYSIS

### A. Ohio Revised Code § 2315.18

The parties' cross-motions for partial summary judgment present a narrow question: whether Ohio Revised Code § 2315.18 applies to limit Daly's claim for compensatory damages representing noneconomic loss. Ohio Revised Code § 2315.18(B)(2) generally limits compensatory damages for noneconomic loss to the greater of $250,000 or three times the plaintiff's economic loss, subject to a maximum of $350,000 for each plaintiff and $500,000 for each occurrence. Ohio Rev. Code § 2315.18(B)(2). The limitation does not apply, however, when the plaintiff's noneconomic losses are for: (a) a "[p]ermanent and substantial physical deformity, loss of use of a limb, . . . loss of a bodily organ system;" or (b) a "[p]ermanent physical functional injury that permanently prevents the injured person from being able to independently care for self and perform life-sustaining activities." Ohio Rev. Code § 2315.18(B)(3)(a)–(b).

The exceptions are independent. That is, an injury may qualify as a "permanent and substantial physical deformity" even if the evidence does not establish that the plaintiff has lost a limb or bodily organ system, or that she is unable to live independently. *See Torres v. Concrete Designs, Inc.*, 2019-Ohio-1342, ¶¶ 77–80 (8th Dist.) (affirming a finding of "permanent and substantial physical deformity" based on a severe open skull fracture). But the statutory language establishes a high threshold. The Ohio Supreme Court has explained that the provision reserves uncapped noneconomic damages for "catastrophic" injuries. *Arbino v. Johnson & Johnson*, 2007-Ohio-6948, ¶ 60. Courts accordingly have construed "permanent and substantial physical deformity" to require an injury that is "severe and objective." *Weldon v. Presley*, No. 1:10-cv-1077, 2011 WL 3749469, at *6 (N.D. Ohio Aug. 9, 2011), *report and recommendation adopted*, 2011 WL 3754661 (N.D. Ohio Aug. 25, 2011); *Sheffer v. Novartis Pharms. Corp.*, No. 3:12-cv-238, 2014 WL 10293816, at *2 (S.D. Ohio July 15, 2014). "The Ohio Supreme Court has provided little guidance on what constitutes a permanent and substantial physical deformity, but where it has spoken, it is clear that the standard is stringent." *Poteet v. MacMillan*, 2022-Ohio-876, ¶ 24 (12th Dist.).

Defendants contend that § 2315.18's language is clear and unambiguous and that Daly's position improperly asks the Court to create additional exceptions to the noneconomic damages cap. Doc. 27, PageID 324–26. The Court agrees that it "may not restrict, constrict, qualify, narrow, enlarge, or abridge the General Assembly's" language. *State ex rel. Carna v. Teays Valley Loc. Sch. Dist. Bd. of Edn.*, 2012-Ohio-1484, ¶ 18; *see also Johnson v. Montgomery*, 2017-Ohio-7445, ¶ 15. But § 2315.18(B)(3) leaves undefined terms central to the present dispute, including "substantial," "deformity," and "life-sustaining activities." *Swink v. Reinhart Foodservice, LLC*, No. 3:20-cv-1997, 2022 WL 1203063, at *2 (N.D. Ohio Apr. 22,

2022). Thus, the Court need not—and does not—recognize a freestanding exception for partial loss of function, pain, or diminished capacity. Rather, the Court must determine whether the evidence could establish the statutory exception that the General Assembly enacted: a "permanent and substantial physical deformity." Ohio Rev. Code § 2315.18(B)(3)(a).

**B. Statutory Exceptions**

*1. Other Exceptions*

Daly does not contend that she has lost the use of a limb or lost a bodily organ system under § 2315.18(B)(3)(a). Nor does the present record, as described by the parties, permit a finding that her injuries permanently prevent her from independently caring for herself and performing life-sustaining activities as a matter of law. The undisputed evidence appears to show that Daly lives alone, attends to her personal care and household, and has returned to full-time work as a university professor. Daly Dep., Doc. 25-1, 13:2–14:8. Daly's asserted pain and limitations may bear on the extent of her noneconomic damages, but they do not, on this record, show that she is unable to perform independent self-care or life-sustaining activities within the meaning of § 2315.18(B)(3)(b). *Weldon*, 2011 WL 3749469, at *8 (difficulty vacuuming, moving furniture, and maintaining a yard did not establish inability to independently care for oneself); *Sheffer*, 2014 WL 10293816, at *2 (plaintiff's ability to bathe, dress, drive, cook, teach, babysit, and care for animals weighed against exception).

*2. Physical Deformity Exception*

Instead, the parties' principal dispute is whether Daly's asserted residual sacral displacement and related genitourinary impairment constitute a "permanent and substantial physical deformity" under Ohio Revised Code § 2315.18(B)(3)(a). The Court's initial task is

limited: it determines whether the record contains sufficient evidence from which a reasonable factfinder could find a qualifying deformity. *Fairrow v. OhioHealth Corp.*, 2020-Ohio-5595, ¶ 68 (10th Dist.). If that threshold is met, "it is for the trier of fact, not the court, to determine whether the damages constitute permanent and substantial deformity." *Id*. The exception is reserved for extreme or catastrophic injuries and requires a severe, objective condition. *Simpkins v. Grace Brethren Church of Del., Ohio*, 2016-Ohio-8118, ¶ 43.

Daly has met that evidentiary threshold. Dr. Jaideep Chunduri reviewed imaging showing bilateral sacral ala fractures, including displacement near the foramen. Doc. 24-6, PageID 128. Daly underwent bilateral sacral fixation, and a subsequent X-ray showed slight displacement of a fracture fragment after surgery. *Id.* at PageID 126–28. Dr. Chunduri further opines that Daly has persistent pelvic and lower-extremity pain and numbness, a 10% permanent whole-person impairment, permanent activity restrictions, and permanent restricted use of her genitourinary system due to the injury. *Id.* at PageID 129–31. Daly testified to recurring urinary incontinence and loss of sexual sensation. Daly Dep., Doc. 25-1, 47:5–48:10, 82:12. Viewed in Daly's favor, this evidence identifies a residual condition in her own skeletal anatomy, documented by objective imaging, together with allegedly permanent physical consequences.

*3. <u>Poteet and Related Authority</u>*

Defendants principally invoke *Poteet v. MacMillan*, which explains that "a deformity must be visible or noticeable." *Poteet*, 2022-Ohio-876*,* ¶ 20. But *Poteet* does not limit § 2315.18(B)(3)(a) to scars, cosmetic disfigurement, or conditions visible to a casual observer. The Ohio Supreme Court in *Poteet* made that observation while rejecting the argument that internal plates and screws were themselves deformities. There, the court observed that

hardware is not a deformity because it is "a foreign, internal, unobservable object," rather than a characteristic of the injured person's body. *Id.* The plaintiff in *Poteet* presented evidence of a small wound, scarring, a malunion, and implanted hardware, but the doctors either found no visible deformity or treated the injury as healed. *Id.* ¶¶ 21–23. No physician identified a specific residual condition that was substantial, severe, or extreme. *Id.* The court therefore concluded that the evidence did not establish a bodily distortion from which a jury could find a permanent and substantial deformity. *Id.* ¶ 25.

Daly's claim differs. She does not rely on hardware as the alleged deformity; she relies on imaging evidence of an asserted displacement in her sacral anatomy. Doc. 24-6, PageID 128. She also offers medical opinion and testimony that the condition produced permanent numbness, restrictions, urinary incontinence, and sexual dysfunction. *Id.* at PageID 129–31; Daly Dep., Doc. 25-1, 47:5–48:10, 82:12. Thus, the alleged deformity is an asserted structural distortion of Daly's body—not an implanted device—and its consequences are supported by more than the bare existence of pain or limitations. Other Ohio cases likewise reject the notion that the exception is limited to superficial disfigurement. *Adams v. Durrani* permitted a jury to consider permanent spinal changes, limited neck movement, a raspy voice, and difficulty swallowing. 2022-Ohio-60, ¶¶ 65–69 (1st Dist.). And *Setters v. Durrani* recognizes that severe and objective permanent distortion or restricted use of a body part may qualify. 2020-Ohio-6859, ¶¶ 33–36 (1st Dist.). Accordingly, *Poteet* does not preclude a fact finder from considering whether Daly has suffered a permanent and substantial deformity.

*4. <u>Daly Is Not Entitled to Judgment</u>*

Although Daly has introduced enough evidence for the factfinder to decide the issue, she has not established that the exception applies as a matter of law. Dr. Chunduri conducted

his evaluation by telemedicine without physically examining Daly, described the fracture-fragment displacement as "slight," and did not expressly characterize Daly's residual condition as a permanent and substantial deformity. Doc. 24-6, PageID 127–31. Further, his opinion identifies "permanent restricted use"—not complete loss—of genitourinary function. *Id.* at PageID 131.

Defendants may also rely on evidence that Daly works full time, lives alone, and performs personal-care and household activities independently to argue against the severity of the deformity. Daly Dep., Doc. 25-1, 13:22–14:8, 75:4–77:1. They may also challenge the causal support for the claimed loss of sexual sensation. Doc. 27, PageID 323; Daly Dep., Doc. 25-1, 82:12–20. Those considerations could support a finding that Daly has a permanent impairment and continuing symptoms, but not the severe and catastrophic deformity contemplated by § 2315.18(B)(3)(a). Accordingly, Daly has satisfied the Court's threshold gatekeeping inquiry, and Defendants are not entitled to summary judgment on the applicability of the exception. But the severity, permanence, and substantiality of Daly's asserted residual condition remain disputed factual issues. Daly therefore is not entitled to summary judgment establishing that the exception applies.

**C. Plaintiff's As-Applied Constitutional Challenge**

Daly alternatively argues that, even if her injuries do not fall within one of the statutory exceptions, applying § 2315.18 to limit her recovery of noneconomic damages would violate the Due Course of Law Clause of Article I, Section 16 of the Ohio Constitution. Doc. 24, PageID 105–06. She relies on evidence that she has been diagnosed with post-traumatic stress disorder, major depressive disorder, generalized anxiety disorder, and chronic pain, and that she experiences nightmares, sleep disruption, social isolation, driving anxiety, diminished

motivation, and suicidal ideation. Daly Dep., Doc. 25-1, 69:17–73:6; Doc. 24-9, PageID 138–48.

In *Arbino*, the Supreme Court of Ohio held that § 2315.18 is facially constitutional. *Arbino*, 2007-Ohio-6948, ¶ 80. The court applied rational basis review and concluded that the General Assembly's decision to cap noneconomic damages was neither unreasonable nor arbitrary, in part because the statute preserved unlimited recovery for persons suffering catastrophic injuries within § 2315.18(B)(3)'s enumerated exceptions. *Id.* ¶¶ 49, 59–61, 72. In an as-applied constitutional challenge, however, the party challenging the statute bears the burden to present clear and convincing evidence of a presently existing set of facts that renders the statute unconstitutional when applied to those facts. *Brandt*, 2022-Ohio-4525, ¶ 27 (quoting *Groch v. Gen. Motors Corp.*, 2008-Ohio-546, ¶ 181).

In *Brandt*, the Ohio Supreme Court held § 2315.18 unconstitutional as applied to a plaintiff who had been sexually abused as a child by the defendant, whose criminal convictions established his liability, and who presented evidence of permanent and severe psychological injuries. 2022-Ohio-4525, ¶¶ 1–5, 15–17, 37, 42. The court reasoned that the statutory cap's rational basis, as articulated in *Arbino*, did not hold when applied to "the most severely and permanently psychologically injured," because § 2315.18(B)(3) affords no exception for severe psychological injuries. *Id.* ¶¶ 30–37. The court emphasized that the cap's application to Brandt did not meaningfully advance the legislature's tort-reform objectives: Brandt had been harmed by intentional rather than negligent conduct, her action was not frivolous given the defendant's established criminal liability, and the statutory limit would benefit her abuser rather than the public or an insurer. *Id.* ¶¶ 33–36.

The court's ultimate holding was expressly limited. It held the statute unconstitutional as applied to Brandt and "similarly situated plaintiffs," defined as "people like Brandt who were child victims of intentional criminal conduct and who bring civil actions to recover damages from the persons who have been found guilty of those intentional criminal acts." *Id.* ¶ 46. That limiting language is significant. It does not announce a categorical rule that § 2315.18 is unconstitutional whenever a plaintiff proves permanent and severe psychological injuries. Nor does it create a general judicial exception to the cap for all tort plaintiffs alleging post-traumatic stress disorder, depression, anxiety, chronic pain, or other psychological harm.

Daly has submitted evidence from which a factfinder could find that she has experienced significant and continuing psychological consequences from the collision. Daly Dep., Doc. 25-1, 69:17–73:6; Doc. 24-9, PageID 138–48. Her asserted conditions are serious, and the Court does not minimize them. But the circumstances presented here differ materially from those in *Brandt*. This action arises from an alleged negligent motor-vehicle collision, not intentional criminal conduct. The record does not involve childhood victimization, a prior criminal conviction establishing Defendants' liability, or a civil action against the person convicted of intentional criminal acts. Compl., Doc. 4, ¶¶ 7–10, 16–28; Doc. 24, PageID 104–07.

Those differences do not necessarily foreclose every future as-applied challenge involving severe psychological injuries outside the precise facts of *Brandt*. But they prevent Daly from satisfying her heightened burden for obtaining summary judgment relief. Daly has not presented clear and convincing evidence that the rational basis for § 2315.18 recognized in *Arbino* falls away when the statute is applied to the facts of this motor-vehicle negligence

action. *See Brandt*, 2022-Ohio-4525, ¶¶ 27, 31–37, 46. The Court therefore denies Daly's motion insofar as it requests a declaration that § 2315.18 is unconstitutional as applied to her.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Daly's Motion for Partial Summary Judgment (Doc. 24), and **DENIES** Defendants' Motion for Partial Summary Judgment (Doc. 25). Genuine disputes of material fact preclude summary judgment for either party on whether Daly's asserted injuries constitute a permanent and substantial physical deformity under Ohio Revised Code § 2315.18(B)(3)(a). Daly has also not established that § 2315.18 is unconstitutional as applied to the facts of this case. The Court **GRANTS** Plaintiff's Motion for a Rule 16 Conference (Doc. 38) and will set a telephone conference by separate entry.

**IT IS SO ORDERED.**

September 28, 2026

Jeffery P. Hopkins
United States District Judge